1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

UNITED STATES OF AMERICA,

CASE NO. CR22-0197JLR

11

Plaintiff,

ORDER

v.

12
13

JESUS RUIZ-HERNANDEZ,

14

Defendant.

## I.    INTRODUCTION

15
16

Before the court is Defendant Jesus Ruiz-Hernandez's motion for a bill of

17

particulars.  (Mot. (Dkt. # 70).)  Plaintiff the United States of America (the

18

"Government") opposes the motion.  (Resp. (Dkt. # 74).)  The court has considered the

19

parties' submissions, the relevant portions of the record, and the applicable law.  Being

20

fully advised,[1] the court DENIES Mr. Ruiz-Hernandez's motion.

21
22

---

[1] Neither party requests oral argument (*see* Mot. at 1; Resp. at 1), and the court concludes that oral argument would not be helpful in its disposition of the motion, *see* Local Rules, W.D. Wash. LCrR 12(12).

1

## II.   ANALYSIS

2       Mr. Ruiz-Hernandez will face trial on January 2, 2024, for multiple crimes related

3   to forced labor, human trafficking, money laundering, and unlawful possession of

4   ammunition.  (*See generally* 2d Sup. Indict. (Dkt. # 54); *see also* 8/24/23 Order (Dkt.

5   # 84) (continuing trial).)  Mr. Ruiz-Hernandez asks the court to order the Government to

6   produce a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f).  (Mot.

7   at 2); Fed. R. Crim. P. 7(f).  He argues that the Second Superseding Indictment describes

8   the charges using statutory language and that the allegations are "vague, ambiguous, and

9   uninformative."  (*See* Mot. at 2.)  The Government responds that Mr. Ruiz-Hernandez is

10   not entitled to a bill of particulars because the Second Superseding Indictment thoroughly

11   describes his allegedly unlawful conduct and the Government has provided full

12   discovery.  (Resp. at 5-6; 9-12.)

13       A bill of particulars is "designed to apprise the defendant of the specific charges

14   being presented to minimize danger of surprise at trial, to aid in preparation and to protect

15   against double jeopardy."  *U.S. v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983).  A criminal

16   defendant is entitled to a bill of particulars when he or she has not "been advised

17   adequately of the charges through the indictment and all other disclosures made by the

18   government."  *Id*.  However, "[f]ull discovery will obviate the need for a bill of

19   particulars."  *Id*. (citing *U.S. v. Giese*, 597 F.2d 1170, 1180, *cert. denied*, 444 U.S. 979

20   (1979)).  The denial of a bill of particulars is within the discretion of the district court.

21   *See U.S. v. Ayers*, 924 F.3d 1468, 1483 (9th Cir. 1991); *Will v. U.S.*, 389 U.S. 90, 98-99

22   (1967).

1   Here, Mr. Ruiz-Hernandez has not established that the indictment, other

2   disclosures, and discovery, combined, are inadequate to advise him of the charges against

3   him.  (*See* Mot.)  Instead, Mr. Ruiz-Hernandez argues, without citing binding authority,[2]

4   that he is entitled to a thorough preview of the Government's case-in-chief that would

5   identify which specific evidence and information the Government will proffer in support

6   of each crime charged.  (*Id.* at 6 (stating he is "not aware as to what specific information,

7   within the over 16,000 documents, served grounds for the alleged charges."); *see also id.*

8   at 8-9 ("Hoover Decl.") ¶¶ 3-5 (asserting that knowledge of which evidence the

9   Government intends to use to prove each charge would facilitate attorney-client

10  communications).)  Because Mr. Ruiz-Hernandez fails to establish that the indictment,

11  discovery, and other disclosures are inadequate to apprise him of the charges levied

12  against him, the court DENIES his motion for a bill of particulars.

### III.   CONCLUSION

14  For the foregoing reasons, the court DENIES Mr. Ruiz-Hernandez's motion for a

15  bill of particulars (Dkt. # 70).

16  Dated this 5th day of September, 2023.

JAMES L. ROBART
United States District Judge

---

21  [2] Mr. Ruiz-Hernandez relies extensively on Washington law in his motion.  (*See, e.g.*,
Mot. at 5 (citing the Washington State Constitution) & nn.4-5, 9, 11-13 (citing Washington
cases).)  Washington authorities, however, do not bind this court in Mr. Ruiz-Hernandez's
22  federal criminal trial.