UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JESUS RUIZ-HERNANDEZ,<br><br>Defendant. | CASE NO. CR22-0197JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court are three motions filed by Defendant Jesus Ruiz-Hernandez: (1) a motion for acquittal or, in the alternative, a new trial as to count 9 and the aggravating special question concerning count 10 (1st Mot. (Dkt. # 262)); (2) a motion for acquittal as to counts 1-8 and 10-22 (2d Mot. (Dkt. # 276)); and (3) a motion for a new trial as to counts 1-8 and 10-22 (3d Mot. (Dkt. # 278)). Plaintiff the United States of America (the "Government") opposes Mr. Ruiz-Hernandez's motions. (Resp. (Dkt. # 284).) Mr. Ruiz-Hernandez did not file any reply briefing. (*See generally* Dkt.) The

ORDER - 1

court has considered the parties' submissions, the relevant portions of the record, and the governing law. Being fully advised,[1] the court DENIES Mr. Ruiz-Hernandez's motions.

## II.  BACKGROUND

This matter arises out of allegations that Mr. Ruiz-Hernandez trafficked seven adult victims ("AVs") (counts 1-16), laundered money (counts 17-22), and unlawfully possessed ammunition (count 23). (*See generally* 2d Super. Indict. (Dkt. ## 54 (redacted), 55 (sealed)).) The trial proceeded in several phases. On January 23, 2024, the jury unanimously found Mr. Ruiz-Hernandez guilty of the crimes alleged in counts 1-8 and 10-22. (*See generally* Verdict (Dkt. ## 251 (sealed), 252 (redacted)).) The jury was unable to reach a verdict with respect to count 9 or the aggravating special question concerning count 10. (*See id.* at 7-9.) The Government then moved to dismiss count 23. (*See* 1/23/24 Min. Entry (Dkt. # 250).) The trial proceeded to a forfeiture phase, after which the jury unanimously found that two real properties belonging to Mr. Ruiz-Hernandez were involved in or traceable to property involved in several of the money laundering offenses of which he had been convicted. (*See generally* Spec. Verdict (Dkt. ## 257 (sealed), 258 (redacted)).)

Mr. Ruiz-Hernandez now moves for acquittal or a new trial with respect to counts 1-22. (*See generally* 1st Mot.; 2d Mot.; 3d Mot.)

//

//

---

[1] Neither party requests oral argument (*see generally* 1st Mot.; 2d Mot.; 3d Mot.; Resp.), and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCrR 12(b)(12).

ORDER - 2

### III. ANALYSIS

The court considers Mr. Ruiz-Hernandez's three motions in turn.

**A.   First Motion**

In his first motion, Mr. Ruiz-Hernandez seeks acquittal or, in the alternative, a new trial with respect to count 9 and the aggravating special question concerning count 10, both of which relate to AV3. (*See generally* 1st Mot.) Count 9 alleges that Mr. Ruiz-Hernandez transported an alien (AV3) for financial gain, and the special question concerning count 10 asks whether Mr. Ruiz-Hernandez harbored an alien (AV3) for financial gain. (2d Super. Indict. at 5-6; Verdict at 7-9.)

For the reasons stated below, the court denies Mr. Ruiz-Hernandez's requests.

   1.   Acquittal

Federal Rule of Criminal Procedure 29(c) "requires a trial court to enter a judgment of acquittal if the Government fails to present sufficient evidence to sustain a conviction." *United States v. Miller*, 953 F.3d 1095, 1108 (9th Cir. 2020); *see* Fed. R. Crim. P. 29(c). "Sufficient evidence is that which, 'view[ed] . . . in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Miller*, 953 F.3d at 1108 (quoting *United States v. Dearing*, 504 F.3d 897, 900 (9th Cir. 2007)).

At trial, the Government presented more than sufficient evidence for a rational juror to conclude that Mr. Ruiz-Hernandez transported and harbored an alien (AV3) for financial gain. This evidence included: testimony from AV3 and her husband, AV2; a debt sheet found in Mr. Ruiz-Hernandez's home charging AV2 $3,223 for driving AV3

and her son from California to Washington; a video Mr. Ruiz-Hernandez posted to his Facebook page showing AV3 working for his landscaping business; and evidence that Mr. Ruiz-Hernandez procured a false Social Security card for AV3 so that she could work at a restaurant to help pay off AV2's coyote debt. The court cannot, when viewing this evidence in the light most favorable to the Government, conclude that a rational jury could not have returned findings in favor of the Government with respect to count 9 and the special question concerning count 10. Mr. Ruiz-Hernandez's request for acquittal is therefore denied.

      2.    <u>New Trial</u>

Federal Rule of Criminal Procedure 33(a) allows the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The court should exercise its discretion to grant a new trial "only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (quoting 2 Wright, Federal Practice and Procedure, Criminal § 553, at 487 (1969)). The court may grant a motion under Rule 33(a) even when there is sufficient evidence to sustain the verdict if doing so is necessary to remedy "a serious miscarriage of justice." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992) (quoting *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)).

Here, Mr. Ruiz-Hernandez does not argue why justice requires a new trial with respect to count 9 or the special question concerning count 10. (*See generally* 1st Mot.) And the court concludes that this is not an exceptional case in which a new trial is

necessary to remedy a serious miscarriage of justice. Indeed, Mr. Ruiz-Hernandez was not even convicted of these charges. (*See* Verdict at 7-9.) Mr. Ruiz-Hernandez's request for a new trial is therefore denied.

**B.     Second Motion**

In his second motion, Mr. Ruiz-Hernandez seeks acquittal with respect to counts 1-8 and 10-22. (*See generally* 2d Mot.) Counts 1 through 4 relate to AV1. (2d Super. Indict. at 1-3.) Counts 5 through 8 relate to AV2. (*Id.* at 3-5.) Count 10 relates to AV3. (*Id.* at 6.) Count 11 relates to AV4. (*Id.*) Count 12 relates to AV5. (*Id.* at 7.) Counts 13 and 14 relate to AV6. (*Id.* at 7-8.) Counts 15 and 16 relate to AV7. (*Id.* at 8-9.) And counts 17 through 22 relate to money laundering. (*Id.* at 9-16.)

The court has already set forth the relevant legal standard above. *See supra* § III.A.1. For the reasons stated below, the court denies Mr. Ruiz-Hernandez's second motion.

1.     AV1

At trial, the Government presented more than sufficient evidence for a rational juror to conclude that Mr. Ruiz-Hernandez: (1) obtained AV1's labor or services through force, threats of force, physical restraint, threats of physical restraint, threats of serious harm, abuse or threatened abuse of the law, or a scheme, plan, or pattern designed to cause AV1 to believe that, if she did not perform such labor or services, she or another person would suffer serious harm or physical restraint; (2) sexually assaulted AV1 (aggravating special question related to count 1); (3) transported an alien (AV1) for financial gain; (4) harbored an alien (AV1) for financial gain; and (5) brought an alien

ORDER - 5

(AV1) to the United States for financial gain. Such evidence included testimony from AV1 that Mr. Ruiz-Hernandez arranged for her to cross the border via coyote, that she had to turn over the custodial rights to her children to Mr. Ruiz-Hernandez's parents before Mr. Ruiz-Hernandez could make the coyote arrangements, that she lived in a small room connected to Mr. Ruiz-Hernandez's bedroom, that Mr. Ruiz-Hernandez raped her, and that she worked for Mr. Ruiz-Hernandez's landscaping company and a restaurant on Vashon Island to pay off her coyote debt. Other evidence included social media messages between AV1 and Mr. Ruiz-Hernandez, content Mr. Ruiz-Hernandez posted to his Facebook page, and testimony from Detective Megan Zentner. The court cannot, when viewing this evidence in the light most favorable to the Government, conclude that a rational jury could not have returned findings in favor of the Government with respect to counts 1 through 4. Mr. Ruiz-Hernandez's request for acquittal on these counts is therefore denied.

   2. <u>AV2</u>

At trial, the Government presented more than sufficient evidence for a rational juror to conclude that Mr. Ruiz-Hernandez: (1) obtained AV2's labor or services through force, threats of force, physical restraint, threats of physical restraint, threats of serious harm, abuse or threatened abuse of the law, or a scheme, plan, or pattern designed to cause AV2 to believe that, if he did not perform such labor or services, he or another person would suffer serious harm or physical restraint; (3) transported an alien (AV2) for financial gain; (3) harbored an alien (AV2) for financial gain; and (4) brought an alien (AV2) to the United States for financial gain. Such evidence included testimony from

1  AV2 and AV3, a translated copy of a coyote contract in which AV2 gave Mr.
2  Ruiz-Hernandez title to a piece of property as collateral for his coyote debt, a video of
3  Mr. Ruiz-Hernandez's brother threatening AV2, social media messages between Mr.
4  Ruiz-Hernandez and AV3 discussing AV2's journey to Vashon Island, and a video
5  showing AV2 chopping wood at Mr. Ruiz-Hernandez's property without pay. The court
6  cannot, when viewing this evidence in the light most favorable to the Government,
7  conclude that a rational jury could not have returned findings in favor of the Government
8  with respect to counts 5 through 8. Mr. Ruiz-Hernandez's request for acquittal on these
9  counts is therefore denied.

10     3.    AV3

11  At trial, the Government presented more than sufficient evidence for a rational
12  juror to conclude that Mr. Ruiz-Hernandez harbored an alien (AV3) for financial gain.
13  Such evidence included testimony from AV3 and AV2 that Mr. Ruiz-Hernandez drove
14  AV3 and her son from California to Vashon Island so that AV3 could live at Mr.
15  Ruiz-Hernandez's property and work for his landscaping company. *See also supra*
16  § III.A.1. The court cannot, when viewing this evidence in the light most favorable to the
17  Government, conclude that a rational jury could not have returned findings in favor of the
18  Government with respect to counts 9 and 10. Mr. Ruiz-Hernandez's request for acquittal
19  on these counts is therefore denied.

20     4.    AV4

21  At trial, the Government presented more than sufficient evidence for a rational
22  juror to conclude that Mr. Ruiz-Hernandez harbored an alien (AV4) for financial gain.

Such evidence included testimony from AV4 that he lived at a property Mr. Ruiz-Hernandez rented while working for his landscaping company and regularly wired money to Mexico on Mr. Ruiz-Hernandez's behalf. The court cannot, when viewing this evidence in the light most favorable to the Government, conclude that a rational jury could not have returned a finding in favor of the Government with respect to count 11. Mr. Ruiz-Hernandez's request for acquittal on that count is therefore denied.

5. <u>AV5</u>

At trial, the Government presented more than sufficient evidence for a rational juror to conclude that Mr. Ruiz-Hernandez harbored an alien (AV5) for financial gain. Such evidence included testimony from AV5 that he lived at the rental property while working for Mr. Ruiz-Hernandez's landscaping company and regularly worked for no pay at Mr. Ruiz-Hernandez's personal property. The court cannot, when viewing this evidence in the light most favorable to the Government, conclude that a rational jury could not have returned a finding in favor of the Government with respect to count 12. Mr. Ruiz-Hernandez's request for acquittal on that count is therefore denied.

6. <u>AV6</u>

At trial, the Government presented more than sufficient evidence for a rational juror to conclude that Mr. Ruiz-Hernandez: (1) brought an alien (AV6) to the United States for financial gain; and (2) harbored an alien (AV6) for financial gain. Such evidence included testimony from AV6 that Mr. Ruiz-Hernandez arranged and paid for his coyote travel to the United States and that, upon arriving, he moved into the rental property and began working for Mr. Ruiz-Hernandez's landscaping business. The

ORDER - 8

Government also introduced a ledger kept by AV6 showing periodic payments toward the coyote debt.  The court cannot, when viewing this evidence in the light most favorable to the Government, conclude that a rational jury could not have returned a finding in favor of the Government with respect to counts 13 and 14.  Mr. Ruiz-Hernandez's request for acquittal on these counts is therefore denied.

       7.    <u>AV7</u>

At trial, the Government presented more than sufficient evidence for a rational juror to conclude that Mr. Ruiz-Hernandez:  (1) transported an alien (AV7) for financial gain; and (2) harbored an alien (AV7) for financial gain.  Such evidence included testimony from AV7 that Mr. Ruiz-Hernandez hired a driver to take him from New Mexico to Washington, after which he moved into the rental property and began working for Mr. Ruiz-Hernandez's landscaping company.  The court cannot, when viewing this evidence in the light most favorable to the Government, conclude that a rational jury could not have returned a finding in favor of the Government with respect to counts 15 and 16.  Mr. Ruiz-Hernandez's request for acquittal on these counts is therefore denied.

       8.    <u>Money Laundering</u>

At trial, the Government presented more than sufficient evidence for a rational juror to conclude that Mr. Ruiz-Hernandez:  (1) conspired to commit money laundering; (2) committed concealment money laundering; and (3) committed international promotion money laundering.  Such evidence included testimony from AVs that Mr. Ruiz-Hernandez used them to wire money to Mexico, testimony concerning and ledgers recording funds wired for coyote payments, financial records from Mr. Ruiz-Hernandez's

landscaping business, and Mr. Ruiz-Hernandez's own records indicating that he comingled proceeds derived from the offenses listed above with other funds in certain accounts held in his name, his brothers' names, and his landscaping company's name. The court cannot, when viewing this evidence in the light most favorable to the Government, conclude that a rational jury could not have returned a finding in favor of the Government with respect to counts 17 through 22. Mr. Ruiz-Hernandez's request for acquittal on these counts is therefore denied.

In sum, the court DENIES Mr. Ruiz-Hernandez's request for acquittal on all counts.[2]

## C.   Third Motion

In his third motion, Mr. Ruiz-Hernandez seeks a new trial with respect to counts 1-8 and 10-22. (*See generally* 3d Mot.) Mr. Ruiz-Hernandez's third motion is largely a copy-and-paste of his second motion. (*Compare id.*, *with* 2d. Mot.) And like his first request for a new trial, Mr. Ruiz-Hernandez's third motion fails to make a meritorious argument as to why justice requires a new trial with respect to these counts. (*See generally* 3d Mot.) The court concludes that this is not an exceptional case in which a new trial is necessary to remedy a serious miscarriage of justice. Mr. Ruiz-Hernandez's request for a new trial on counts 1-8 and 10-22 is therefore denied.

//

---

[2] Mr. Ruiz-Hernandez also argues for the first time in his motion that there was "prosecutorial delay" in the Government's bringing charges related to several AVs and that he was prejudiced because he could not show the AVs' motives to lie at trial. (2d Mot. at 3-5.) These arguments are meritless and do not warrant further discussion.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Ruiz-Hernandez's (1) motion for acquittal or, in the alternative, a new trial as to count 9 and the aggravating special question concerning count 10 (Dkt. # 262); (2) motion for acquittal as to counts 1-8 and 10-22 (Dkt. # 276); and (3) motion for a new trial as to counts 1-8 and 10-22 (Dkt. # 278).

Dated this 4th day of March, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 11