UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR22-0197JLR |
| Plaintiff, | ORDER |
| v. | |
| JESUS RUIZ-HERNANDEZ, | |
| Defendant. | |

## I. INTRODUCTION

Before the court is Defendant Jesus Ruiz-Hernandez's motion to stay forfeiture of the real property located at 6113 SW 240th St., Vashon, WA 98070 (the "Subject Property"). (Mot. (Dkt. # 330).) Plaintiff the United States of America (the "Government") opposes the motion. (Gov. Resp. (Dkt. # 346).) Third-party claimant Ernest Hickox, who sold the Subject Property to Mr. Ruiz-Hernandez, also opposes the motion. (Hickox Resp. (Dkt. # 339).) The court has considered the parties' and Mr.

//

ORDER - 1

Hickox's submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Ruiz-Hernandez's motion.

## II. BACKGROUND

On January 23, 2024, a jury found Mr. Ruiz-Hernandez guilty of 21 felony counts, including two counts of money laundering that established the nexus for forfeiture of the Subject Property. (*See generally* Verdict (Dkt. ## 251 (sealed), 252 (redacted)).) On January 24, 2024, the jury found that the Subject Property was involved in, or traceable to property involved in, those two counts of money laundering. (Spec. Verdict (Dkt. ## 257 (sealed), 258 (redacted)).) On February 21, 2024, the court entered a preliminary order of forfeiture, ordering that Mr. Ruiz-Hernandez's interest in the Subject Property was "fully and finally forfeited, in its entirety, to the United States." (2/21/24 Order (Dkt. # 283) at 3.) The court incorporated that order into its final judgment. (Judgment (Dkt. # 310) at 8.) Mr. Ruiz-Hernandez now seeks to stay forfeiture of the Subject Property pending his appeal. (*See generally* Mot.)

## III. ANALYSIS

The court has discretionary authority to stay an order of forfeiture pending an appeal from a conviction or a forfeiture order. Federal Rule of Criminal Procedure 32.2 provides that:

> If a defendant appeals from a conviction or an order of forfeiture, the court ***may*** stay the order of forfeiture on terms appropriate to ensure that the property remains available pending appellate review. A stay does not delay the ancillary proceeding or the determination of a third party's rights or interests. If the court rules in favor of any third party while an appeal is pending, the court may amend the order of forfeiture but must not transfer

>any property interest to a third party until the decision on appeal becomes final, unless the defendant consents in writing or on the record.

Fed. R. Crim. P. 32.2(d) (emphasis added).  Citing Rule 32.2(d), at least one Ninth Circuit panel has held that a district court is "not required to stay forfeiture proceedings pending [a defendant's] direct appeal." *United States v. Houghton*, 132 F. App'x 130, 132 (9th Cir. 2005).

The Ninth Circuit has not adopted criteria for district courts to consider when ruling on a motion to stay forfeiture pending appeal, but other courts have examined the following factors:

>1) the likelihood of success on appeal; 2) whether the forfeited asset is likely to depreciate over time; 3) the forfeited asset's intrinsic value to defendant (i.e., the availability of substitutes); and 4) the expense of maintaining the forfeited property.

*United States v. Grote*, 961 F.3d 105, 123 (2d Cir. 2020) (quoting *United States v. Silver*, 203 F. Supp. 3d 370, 385 (S.D.N.Y. 2016)); *see also United States v. Riedl*, 214 F. Supp. 2d 1079, 1082 (D. Haw. 2001) (examining the same four factors).  The court proceeds to consider these factors.

First, although it is difficult to assess the strength of Mr. Ruiz Hernandez's appeal without yet knowing his claims of error, the court nonetheless concludes that Mr. Ruiz-Hernandez's likelihood of success on appeal is low.  The jury convicted him of 21 counts, including two counts of money laundering establishing the basis for forfeiture of the Subject Property.  (*See* Verdict at 14-15; Spec. Verdict at 2.)  In denying Mr. Ruiz-Hernandez's motion for acquittal, the court already determined that the evidence supported the jury's verdict as to those 21 felony counts, including "more than sufficient

evidence for a rational juror to conclude that Mr. Ruiz-Hernandez: (1) conspired to commit money laundering; (2) committed concealment money laundering; and (3) committed international promotion money laundering." (3/4/24 Order (Dkt. # 287) at 3-10 (describing the evidence supporting the jury's verdict).)

Second, although the court agrees with Mr. Ruiz-Hernandez that the Subject Property's market value is likely to increase (Mot. at 4), this factor is not dispositive. *See United States v. Peters*, 784 F. Supp. 2d 234, 237 (W.D.N.Y. 2011) ("The reasoning that real property may appreciate in value coming out of a slumping economy is true for any piece of real property. Adherence to such a general principal would lead to the routine granting of stays of forfeiture involving real property, without accounting for the other relevant considerations."). Moreover, the court agrees with the Government that the net equity in the Subject Property is decreasing each month due at least in part to mounting late charges, which may hinder Mr. Ruiz-Hernandez's victims' abilities to obtain restitution for their losses. (Gov. Resp. at 8.)

Third, the court agrees with the Government that Mr. Ruiz-Hernandez fails to explain what, if any, intrinsic value the Subject Property has to **him**. (*Id.* at 8-9.) Mr. Ruiz-Hernandez's motion notes that Mr. Ruiz-Hernandez's "extended family lives there," but he makes no argument that the property is unique in any other way. (Mot. at 4-5.) The Subject Property may have some intrinsic value to Mr. Ruiz-Hernandez's extended family, but it does not appear to have any intrinsic value to Mr. Ruiz-Hernandez.

//

//

ORDER - 4

1     Finally, the court agrees with the Government that Mr. Ruiz-Hernandez's family has little incentive to maintain the Subject Property or pay any amounts owed on it due to the likelihood that any funds devoted toward the property would be viewed as sunk costs. (Gov. Resp. at 9.) The Government cannot be expected to rely on the goodwill of Mr. Ruiz-Hernandez's family to maintain the value of the Subject Property during his appeal.

    Based on the foregoing factors, the court declines to stay forfeiture of the Subject Property.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Ruiz-Hernandez's motion to stay forfeiture pending appeal (Dkt. # 330).

Dated this 31st day of July, 2024.

_____
JAMES L. ROBART
United States District Judge